UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR GONZALEZ CHAVEZ,<br>Plaintiff,<br>v.<br>MOISES BECERRA, et al.,<br>Defendants. | Case No. 23-cv-03152-PCP<br><br>**ORDER TO TRANSFER** |

Petitioner Gonzalez Chavez brings this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement of more than two and a half years at the Golden State Annex (GSA), a private immigration detention facility located in the Eastern District of California. Dkt. No. 1. Gonzalez Chavez is detained pursuant to 8 U.S.C. 1226(c), which requires indefinite civil detention without an individualized bond hearing during removal proceedings for individuals with certain prior criminal convictions. Gonzalez Chavez contends that his continued detention violates the Fifth Amendment because it has become punitive and he has never been afforded the procedural protections required before punishment may be imposed. *See United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). Even if his detention has not become punitive, Gonzalez Chavez asserts that procedural due process requires an individualized bond hearing. Dkt. No. 1, at 23.

After Gonzalez Chavez filed his initial petition, the Ninth Circuit held that this Court lacks jurisdiction over habeas petitions from similarly situated immigrant detainees being detained outside the Northern District of California. *See Doe v. Garland*, 109 F.4th 1188, 1190 (9th Cir. 2024). In *Doe*, the Ninth Circuit held that an immigrant detainee confined at GSA can file a habeas petition only in the Eastern District of California, the district of his confinement. *Doe*, 109

F.4th. at 1198. This Court thereafter requested supplemental briefing regarding the application of the Ninth Circuit's decision to this case. Dkt. No. 32.

Gonzalez Chavez does not contend that this Court retains jurisdiction over his petition. Instead, he asks the Court to transfer his case to the Eastern District of California. Under 28 U.S.C. 1406(a), a district court may, in the interest of justice, transfer a case to any district in which the action could have been brought. Petitioner contends that under *Doe*, his case could have been brought in the Eastern District of California because it is the district of his confinement. Dkt. No. 34 at 3.

The government opposes transfer and maintains that dismissal is the only appropriate remedy because petitioner did not name as a respondent to the current petition his immediate custodian, the Facility Administrator of GSA. Dkt. No. 33 at 4. *Doe* held that, under *Rumsfeld v. Padilla*, 543 U.S. 426 (2004), a habeas petitioner must name his immediate custodian as respondent and the immediate custodian for detainees held at GSA is the Facility Administrator. *Doe*, 109 F.4th 1197.

The Court does not agree that petitioner's mere failure to name the appropriate respondent requires dismissal instead of transfer. The Ninth Circuit has recognized that, upon transfer of a habeas petition to a court with jurisdiction, the petitioner can be afforded the opportunity to make "necessary amendments to perfect the form of the habeas petition." *Cruz-Aguilera*, 245 F.3d at 1073, n.2; *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (allowing transfer of a habeas petition where petitioner did not name his immediate custodian as respondent); *Ashley v. Washington*, 394 F.2d 125, 126 n.1 (9th Cir. 1968) (noting that failure to name custodian as respondent "could be cured by amendment"); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (instructing district court to allow petitioner the opportunity to amend his petition to name the correct respondent).

The Eastern District of California is the appropriate court to hear this case under *Doe*, and transfer, rather than dismissal, serves the interests of justice. The Ninth Circuit "take[s] a broad view of when transfer is appropriate, recognizing that 'normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming

and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Where a party has brought an action in good faith, "[t]ransfer serves as a means to prevent the injustice of penalizing a party for an honest procedural mistake." *Amity*, 793 F.3d at 996; *see also Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001) (stating that the court "should not fault" petitioner's decision to file his habeas petition in the incorrect court "given the complicated jurisdictional questions" at issue). There is no reason to further delay prompt resolution of this petition and penalize Gonzalez Chavez for his good-faith mistake in choosing to file his petition in this court, especially given that the Ninth Circuit had not yet decided that this Court lacked jurisdiction over such petitions at the time of filing.

For the foregoing reasons, this case is transferred to the Eastern District of California. All pending motions and requests can be addressed by that court upon transfer.

**IT IS SO ORDERED.**

Dated: August 28, 2024

P. Casey Pitts
United States District Judge

3